PHILANDER HALE, Appellant, v. JOHN HAYS, Respondent.

One L. contracted to sell defendant certain premises, free of taxes, etc., for a specified sum, payable in ready-made clothing. At the time for the delivery of the deed the clothing was selected, but there appeared to be certain unpaid taxes upon the premises to the amount of $278.24. Thereupon it was agreed that of the clothing selected defendant should retain $650 worth as security for the payment of the taxes, the same to be delivered, if she paid the taxes within one month; if not, defendant had the right to pay them, and, in such case, to appropriate the goods retained. L. delivered the deed and received the balance of the clothing. The taxes not having been paid within the month, defendant paid them. L. subsequently tendered the amount of the taxes and demanded the clothing retained, which defendant refused to deliver. In an action for conversion thereof, *held,* that there was no relation of borrower and lender, or of pledgor and pledgee between the parties, but simply a sale, free of taxes, for so much clothing, and for so much less clothing if the taxes were not paid in the time specified; that L.'s interest in the clothing in question was conditioned upon her fulfillment of the agreement, and expired upon her failure to pay as specified; and that, therefore, plaintiff was not entitled to recover.

(Submitted June 10, 1873; decided September term, 1873.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial district, reversing a judgment in favor of plaintiff, entered upon a verdict, and granting a new trial.

This action was brought by plaintiff, as assignee of Lucinda Earl, for the alleged conversion of certain ready-made clothing.

In March, 1861, the defendant agreed to purchase of Mrs. Earl a house and lot in Smith street, Brooklyn, for the price of $10,500, subject to a mortgage of $5,000, but free from all other incumbrance; the amount above the mortgage to be paid by the defendant in ready-made clothing, which had been selected and laid out from a stock at the store of the defendant in New York. At the time for the delivery of the deed there was a lien for taxes, etc., upon the premises, which Mrs. Earl agreed to pay, amounting, with interest, to $278.24. It not being convenient for Mrs. Earl to pay the taxes, etc., at once, the following agreement was entered into:

" *Whereas*, Lucinda J. Earl, wife of Morris Earl, of the city of Brooklyn, has bargained, sold and conveyed to John Hays, of the city of New York, the house and lot situate on the south-westerly corner of Second place and Smith street, in the city of Brooklyn, to be paid for in ready-made clothing, which has been selected from the stock in the store of said Hays, and there are certain taxes remaining unpaid which are a subsisting lien on said premises, to wit: the tax of 1855, amounting to the sum of $103.82, together with the interest thereon; the tax of 1860, amounting to $109.68, and the interest thereon, and the water rate of 1860, amounting to $12, and the interest thereon; and

" *Whereas*, The said parties desire to close said transaction immediately, it has been agreed upon by the said parties that said Hays should retain in his possession $650 worth of the said ready-made clothing and stock, *as security for the payment of said taxes* and water rate and interest, by said Lucinda J. Earl, within one month from the date hereof.

" Now, therefore, this is to witness that the said John Hays has retained in his possession of the stock selected by or for said Lucinda, as aforesaid, about $650 worth, upon this condition, that if said Lucinda shall, within one month from the date hereof, pay, or cause to be paid, the said taxes and water rate and interest thereon, and produce and deliver to said Hays vouchers therefor, said Hays will deliver said stock so retained to said Lucinda, or her agent or representative; but if said taxes and water rate shall not be paid, or cause to be paid by said Lucinda, and said vouchers therefor produced and delivered to said Hays within the time aforesaid, said Hays shall have the right to pay said taxes and water rate and interest himself, and appropriate said stock so retained to his own use, as his indemnity and remuneration for such payment, without any liability or accountability therefor, in any respect whatsoever, to said Lucinda or any other party.

" In witness whereof, the said parties have hereunto set their hands, this 11th day of March, 1861.

" LUCINDA EARL."

The deed was delivered at the same date with the agreement; and the stock to be retained was also then selected from the bulk of that which had been set apart as the consideration for the premises, and the residue was taken by Mrs. Earl.

The taxes, etc., not having been paid by Mrs. Earl, and the month mentioned in the agreement having expired, the defendant paid them. About three months later, Mrs. Earl offered to pay the defendant the amount so paid by him, and demanded the clothing mentioned in the agreement, which the defendant refused to deliver, claiming that he had become the owner, and that the clothing had become mixed with his own stock. Mrs. Earl assigned her claim to the plaintiff.

The counsel for the defendant requested the judge to charge that upon the payment of the taxes, after the default of Mrs. Earl, the clothing retained under the said agreement became the property of the defendant. The judge refused so to instruct the jury, and the defendant's counsel excepted. The judge then instructed the jury, that the clause in the agreement, precluding the right to redeem the goods after thirty days was void; that the defendant had converted the goods, and that the only question for the jury was the amount of damages. The counsel for the defendant excepted to the said charge. The jury rendered a verdict for plaintiff for $400.

*S. A. Fuller* for the appellant.

*J. M. Dixon* for the respondent.

JOHNSON, C. In my opinion, this is not a case of pledge. The clothing was never the property of Mrs. Earl. She owned a house and the defendant owned clothing. He was to have the house free of taxes for a certain quantity of clothing. When the time came for the transfer, she was unable to pay these taxes, and thereupon the written agreement, proved in the case, was made between them. By the terms

of this agreement, Hays was to retain part of the clothing, but was to deliver it to her, if, within a month, she paid the taxes ; if she did not, he was at liberty to pay them himself and keep the clothing. Hays made her no loan; she gave him no security, for she did not own the clothing. It is true, he held it as security, as a vendor holds goods sold as security for the unpaid price. There was no relation of borrower and lender, or of pledgor and pledgee. The real bargain was so much clothing for a house free from taxes, and so much less clothing if the taxes remained unpaid after thirty days. Just as a bargain to sell for so much, to be paid in cash, or so much more in case credit be given, does not make usury, so this bargain does not create the relation of pledgor and pledgee. Mrs. Earl's interest in the clothing not delivered was conditional on her fulfillment of the terms of the agreement. If she failed to pay and he *paid* the taxes, that was the end of it.

The court at General Term was right, and their order should be affirmed, with judgment absolute for the defendant.

All concur; LOTT, Ch. C., not sitting.

Order affirmed and judgment accordingly.